**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory ZACCARDI,**
**Defendant–Appellant.**

No. 90–5209
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 19, 1991.

202

Paul M. Rashkind, Bailey Gerstein, Carhart Rashkind Dresnick Rippingille, Miami, Fla., for defendant-appellant.

Paul E. Pelletier, Linda Collins Hertz, and Adrienne Rabinowitz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

---

**1.** The district court reduced appellant's offense level by two points, from a base level of 36 to

Before JOHNSON, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Gregory Zaccardi pleaded guilty to involvement in a conspiracy among thirteen codefendants to import into the United States approximately 5600 kilograms of cocaine. The Presentence Report ("PSI") prepared for each conspirator characterized appellant as one of the least culpable participants in the conspiracy. Prior to sentencing, appellant filed a "Consolidated Notice of Objection, Factual Discrepancies in PSI and Sentencing Memorandum," in which he sought to be considered a minor participant in the conspiracy under the United States Sentencing Commission, *Guidelines Manual,* § 3B1.2 (Nov.1990) (hereafter sentencing guidelines). At the sentencing hearing, the district court held that appellant's role in the conspiracy was not minor and refused to deduct two points from his offense level under § 3B1.2. The court concluded that appellant's offense level was 34,[1] which translated into a sentencing range of 151 to 188 months incarceration. Appellant was sentenced to 151 months incarceration and five years supervised release.

Appellant challenges the district court's determination that he was not a minor participant in the conspiracy. Appellant emphasizes that application note 3 for § 3B1.2 provides that a minor participant "means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S. S.G. § 3B1.2, comment. (n.3). Appellant contends that because he was characterized as one of the least culpable conspirators by the PSI, he is clearly "less culpable than most other participants" and, therefore, qualifies for a two point reduction in his offense level "without any further finding." Appellant's brief at 10–11.

■ The district court's determination that appellant was not a minor participant in the conspiracy is a finding of fact which will be reversed on appeal only if "clearly

34, based on appellant's acceptance of responsibility.

erroneous." *United States v. Sellers*, 906 F.2d 597 (11th Cir.1990).

 Appellant's argument would require sentencing courts to regard the least culpable member of any conspiracy as a minor participant, regardless of the extent of that member's participation. Although the PSI indicated that appellant was one of the "least culpable" defendants, the district court was not obliged on that basis to determine that appellant was a "minor" participant for the purposes of § 3B1.2 of the sentencing guidelines. It is entirely possible for conspiracies to exist in which there are no minor participants or for which the least culpable participants, for whatever reason, were not indicted. In either case, the fact that a particular defendant may be least culpable among those who are actually named as defendants does not establish that he performed a minor role in the conspiracy.

The evidence in this case established that appellant knowingly and intentionally assisted in the illegal importation of approximately 800 kilograms of cocaine into the United States in exchange for $75,000.[2] Given the extremely large amount of cocaine involved and the amount of money promised to appellant, we cannot find that the district court was clearly erroneous in determining that appellant was not a minor participant in the conspiracy.

AFFIRMED.

---

2. It is undisputed that appellant never received the promised money, but that is irrelevant to the assessment of his role in the conspiracy. He agreed to participate in the conspiracy in exchange for $75,000.