51 F.3d 264
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Joseph A. PICCIONE, Defendant, Appellant.
 No. 94-2171
 United States Court of Appeals,
First Circuit.
 April 6, 1995
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Raymond J. Pettine, Senior U.S. District Judge ]
 Joseph A. Bevilacqua, Jr. on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran, Assistant United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Joseph Piccione, pled guilty to one count of making and presenting to the U.S. Treasury Department a false, fictitious, and fraudulent claim against the United States for payment, in violation of 18 U.S.C. Secs. 287 and 2. Based on a total offense level of eight and a criminal history category of II, the guideline range was four months to ten months.[1] The district court sentenced Piccione to ten months imprisonment, a three-year term of supervised release, and a $5,000 fine.
 
 
 2
 The only issue on appeal is whether the district court clearly erred in refusing to give Piccione a two-level downward adjustment as a minor participant in that criminal activity. See United States v. Cassiere, 4 F.3d 1006, 1026 (1st Cir. 1993) (reiterating the clear error standard of review). There was no error, clear or otherwise. We affirm.
 
 I.
 
 3
 Because Piccione pled guilty, we recite the relevant facts from the Pre-Sentence Report (PSR) and the transcript of the sentencing hearing. See United States v. Reyes, 3 F.3d 29, 29- 30 (1st Cir. 1993) (noting that, in the case of a guilty plea, the PSR and sentencing transcript are the appropriate materials from which to draw the relevant facts).
 
 
 4
 Between March 6, and April 15, 1993, 28 false and fraudulent income tax returns were filed with the Internal Revenue Service (IRS). Each of the tax returns was in the name of an actual person with the correct social security number. Each of the names, however, was that of a sentenced prisoner. Each of the returns was supported by a false and fraudulent W-2 Wage and Tax Statement for 1992 ("W-2"). Each W-2 listed one of two employers with the correct employer identification number for the respective employer. The figures purporting to represent wages earned, federal tax withheld, and refund due were identical on many of the returns. The total amount of the refunds claimed on the 28 tax returns was $32,770.
 
 
 5
 Six of the 28 tax returns contained fingerprints of three prisoners incarcerated at the state prison in Somers, Connecticut. None of the 28 tax returns was in the name of any of these three particular prisoners. One of these three prisoners was Donald D'Amico. D'Amico is Piccione's cousin. Telephone records revealed telephone toll calls between the Somers prison and Piccione's home.
 
 
 6
 Each of the 28 tax returns listed a home address of Post Office Box 20256, Cranston, Rhode Island ("Box 20256"). Piccione had rented Box 20256 in October 1992 under the alias Mark S. LaRoche. The Postal Service issued a single key for Box 20256.
 
 
 7
 On June 7, 1993, IRS Special Agents placed four decoy income tax refund checks in Box 20256. The four checks were in names identical to those on four of the false tax returns. On June 7, Piccione, using a key, opened Box 20256 and removed the checks. As he left the post office, he was arrested. The four decoy checks, the key to Box 20256, and a receipt showing payment for rental of that box were found in his possession.
 
 
 8
 Several refund checks, generated by the 28 false and fraudulent tax returns, were issued by the IRS. The checks, however, were seized by IRS agents from the Postal Service. No refund checks were negotiated by the conspirators and there was no out-of-pocket loss to the government.
 
 II.
 
 9
 On appeal, Piccione contends, as he did below, that, because, at most, his role in the offense was that of a minor participant, he should receive a two-level downward adjustment in the total offense level. See U.S.S.G. Sec. 3B1.2(b) (providing for a two-level downward adjustment for a minor participant). A minor participant is one "who is less culpable than most other participants." Id., comment. (n.3); see also id., comment. (backg'd) (one who plays a part in committing the offense that makes him substantially less culpable than the average participant).
 
 
 10
 Piccione argues that he was not the "mastermind behind this criminal endeavor," pointing instead to the three prisoners whose fingerprints were on six of the 28 returns, and claiming that he is less culpable than they. He characterizes his role as "simply one of mail retriver [sic]" and neither the "architect nor an important cog."
 
 
 11
 Piccione has the burden of proving that he merits the downward adjustment in the offense level as a minor participant-a determination which is fact-bound. United States v. Ortiz, 966 F.2d 707, 717 (1st Cir. 1992), cert. denied, 113 S. Ct. 1005 (1993). We need not disagree with Piccione's claim that he was not the mastermind or architect of this scheme. Even assuming that is so, that does not aid Piccione in this case. No defendant is automatically entitled to the downward adjustment, even if he happens to be less culpable than others involved in the criminal activity. United States v. Brandon, 17 F.3d 409, 460 (1st Cir.), cert. denied, 115 S. Ct. 80, 81 (1994); see also United States v. Daniel, 962 F.2d 100, 103 (1st Cir. 1992) (agreeing with the proposition that "the fact that a particular defendant may be least culpable among those who are actually named as defendants does not establish that he performed a minor role in the conspiracy", quoting United States v.Zaccardi, 924 F.2d 201, 203 (11th Cir. 1991)).
 
 
 12
 In this case, Piccione's claim that he was simply a mail retriever and an unimportant cog is patently erroneous. Indeed, it is obvious that Piccione's role was necessary for the scheme's success. The IRS would not send tax refund checks to a prison address. For a successful completion of the plot, the inmates needed someone on the outside. Piccione was that someone. He leased the postal box under an alias and retrieved the decoy checks in an apparent and essential step along the path toward their intended negotiation.
 
 
 13
 We agree with the district court judge who stated, "I can't conceive of this being a minor role." Sentencing Tr. at p. 16. As we stated at the outset, there was no error, clear or otherwise, in the district court's rejection of the request for a two-level downward adjustment.
 
 
 14
 Affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 It is undisputed that the relevant sentencing guidelines were those effective November 1, 1993, and all references are to that version. We see no need to explicate the interim calculations on which the total offense level and the criminal history category were based