[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13520
Non-Argument Calendar
_____

D. C. Docket No. 07-00051-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO JULIAN CAISANO-GUAPI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 14, 2008)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Mario Julian Caisano-Guapi appeals his 135-month concurrent sentences for (1) one count of conspiracy to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b), 21 U.S.C. § 960(b)(1(B)(ii); and (2) one count of possession with intent to distribute 5 grams or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 21 U.S.C. § 960(b)(1(B)(ii), 18 U.S.C. § 2. Caisano-Guapi argues that he should have received a minor-role reduction to his base offense level because his role as a crew member was minor in comparison to both the extent of the drug trafficking scheme and the participation of other members of the conspiracy. Second, Caisano-Guapi argues that the district court imposed an unreasonable sentence because it failed to consider the statutory factors and, instead, imposed a guideline sentence. For the reasons set forth more fully below, we affirm.

On February 4, 2007, the Coast Guard apprehended a speed boat, commonly referred to as a "go-fast" boat, that did not display any indication of nationality, in international waters approximately 380 nautical miles southwest of Punta Negra, Peru. Coast Guard officers boarded the go-fast boat and took the crew, identified as Ilron Benitez-Aprilla, Amin Hernandez-Perea, Carlos Molano-Valencia,

Caisano-Guapi, and Jose Luis Huila-Cortes; and 41 bales of cocaine, weighing a total of 995 kilograms, into custody. From the post-Miranda[1] statements of several crew members, the Coast Guard determined that an individual named "Neron" met and hired the crew members in Buenaventura, Colombia, and that Hernandez-Perea was the go-fast boat's captain. At sentencing, Caisano-Guapi stated that he was the go-fast boat's "machinist."

## I.

We review a district court's denial of a minor-role reduction for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We cannot find clear error unless we are "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (quotation marks omitted).

Section 3B1.2(b) of the United States Sentencing Guidelines provides for a two-level reduction in a defendant's base offense level if the court determines that he was a minor participant in the offense. U.S.S.G. § 3B1.2(b). A minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.5); see also De Varon, 175 F.3d at 944. The defendant

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

bears the burden of proving by a preponderance of the evidence that he is entitled to a minor-role adjustment. De Varon, 175 F.3d at 939. Moreover, a conspiracy can exist in which no participant plays a minor-role. See United States v. Zaccardi, 924 F.2d 201, 203 (11th Cir. 1991).

In determining whether a defendant played a minor role in the offense for which he has been held accountable, the district court first "must measure the defendant's role against the relevant conduct attributed to [him] in calculating [his] base offense level." De Varon, 175 F.3d at 944. Second, the district court "may also measure the defendant's role against the other participants . . . in that relevant conduct." Id. at 945. "[T]he district court may consider only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. at 944.

With respect to the first prong of the De Varon test, Caisano-Guapi failed to show that he played a minor-role in the relevant conduct for which he was held accountable at sentencing. Caisano-Guapi's base level offense was founded on the transport of 995 kilograms of cocaine. Caisano-Guapi made no objection to the 995 kilograms of cocaine that he possessed on the vessel nor to his participation in the cocaine's transport. Therefore, the relevant conduct for which he was held accountable was identical to his actual conduct in the offense, and his claim fails

4

under the first prong of De Varon.  Id. at 941.

Indeed, the large amount of cocaine is dispositive.  See id. at 943 ("[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . . [W]e do not foreclose the possibility that [the] amount of drugs may be dispositive . . . .").  Caisano-Guapi's argument that the large amount of drugs is indicative of a broader conspiracy is contrary to De Varon, in which we held that the conduct of participants in a broader conspiracy is irrelevant to the determination of a mitigating role reduction.  See id. at 944.

With respect to the second prong of the De Varon test, the evidence is insufficient to show that Caisano-Guapi was a minor participant in comparison to other defendants, aside from the boat's captain.  Caisano-Guapi failed to produce any evidence to distinguish himself from his codefendants in the relevant conduct.  Furthermore, the record does not contain any additional information that would differentiate Caisano-Guapi from the other crew members of the go-fast boat.  Contrary to Caisano-Guapi's assertion that the individuals who may have played roles likely involved in a large drug smuggling operation are "discernable," the record does not contain any evidence regarding the existence or identity of any such individuals, save Neron who hired the crew.  Caisano-Guapi failed to prove by a preponderance of the evidence that he is entitled to a minor-role reduction.

5

For all these reasons, the district court did not clearly err by denying Caisano-Guapi a minor-role reduction.

## II.

We have held that, after the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing court must not only correctly calculate the guideline imprisonment range, but must treat that range as advisory and impose a reasonable sentence. <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. <u>United States v. Hunt</u>, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006); <u>Gall v. United States</u>, No. 06-7949, slip op. at 12 (U.S. Dec. 10, 2007).

The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. <u>Gall</u>, No. 06-7949, slip op. at 12. The Court also has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. <u>Id.</u> It has suggested that review for substantive reasonableness under this standard involves inquiring whether the factors in 18

6

U.S.C. § 3553(a) support the sentence in question. Gall, No. 06-7949, slip op. at 17. Although the Supreme Court has noted that "a sentence, independently calculated by the district court in accordance with Booker, that falls within the properly calculated Guidelines range significantly increases the likelihood that the sentence is a reasonable one[,]" we do not presume reasonable a sentence within the properly calculated Guidelines range. United States v. Campbell, 491 F.3d 1306, 1312 (11th Cir. 2007).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the guideline imprisonment range, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1), (4), and (6).

In considering the § 3553(a) factors and explaining the reasoning behind its

choice of sentence, this Court has held that the district court need not discuss, or state that it has explicitly considered, each factor of § 3553(a). Talley, 431 F.3d at 786. Instead, this Court has held that an explicit acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice. United States v. Scott, 436 F.3d 1324, 1329-30 (11th Cir. 2005); see also Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007) (holding that the defendant's sentence was reasonable when the district court considered the parties' arguments and provided a reasoned basis for its choice of sentence).

Here, the district court imposed a procedurally reasonable sentence. See Hunt, 459 F.3d at 1182 n.3; Gall, No. 06-7949, slip op. at 12. The district court correctly calculated the guideline imprisonment range, as discussed above, and considered the statutory factors. See Gall, No. 06-7949, slip op. at 12. Regarding the statutory factors, the district court heard Caisano-Guapi's request for a downward variance based upon his 4-year-old son's medical condition and treatment. 18 U.S.C. § 3553(a)(1). The district court explicitly acknowledged that it had considered the § 3553(a) factors. See Scott, 436 F.3d at 1329-30. The district court likewise sufficiently explained its reasoning. See Gall, No. 06-7949, slip op. at 12. Specifically, in emphasizing the large quantity of cocaine, it

8

acknowledged the seriousness of the crime and the need for deterrence.  18 U.S.C. § 3553(a)(2).

The district court also imposed a substantively reasonable sentence.  See Hunt, 459 F.3d at 1182 n.3; Gall, No. 06-7949, slip op. at 12.  The district court was influenced by the seriousness of the offense and the need to impose a sentence sufficient to deter future drug-smuggling crimes.  In its discretion, a sentence at the bottom of the guideline sentencing range accomplished these goals.  Therefore, the § 3553(a) factors supported the district court's sentence, and the district court did not abuse its discretion.  See Gall, No. 06-7949, slip op. at 12, 20.  Because the district court considered the appropriate factors and appropriately exercised its discretion, it imposed a reasonable sentence.

In light of the foregoing, Caisano-Guapi's sentence is

**AFFIRMED.**