[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13550
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00051-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ILSON BENITEZ-APRILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 14, 2008)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Ilson Benitez-Aprilla appeals his 135-month concurrent sentences for (1) one count of conspiracy to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b), 21 U.S.C. § 960(b)(1)(B)(ii); and (2) one count of possession with intent to distribute 5 grams or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii), 18 U.S.C. § 2. Benitez-Aprilla argues that he should have received a minor-role reduction to his base offense level because, as a crew member of the go-fast boat, he was "a [mere] pawn in the transport of the drugs[,]" without any ownership interest in the drugs or role in organizing the drug smuggling, which involved more individuals than the crew members of the go-fast boat. Second, he argues the district court imposed a procedurally unreasonable sentence because it failed to correctly calculate the guidelines. For the reasons set forth more fully below, we affirm.

On February 4, 2007, the Coast Guard apprehended a speed boat, commonly referred to as a "go-fast" boat, that did not display any indication of nationality, in international waters approximately 380 nautical miles southwest of Punta Negra, Peru. Coast Guard officers boarded the go-fast boat and took the crew, identified as Benitez-Aprilla, Amin Hernandez-Perea, Carlos Molano-Valencia, Mario Julian

Caisano-Guapi, and Jose Luis Huila-Cortes; and 41 bales of cocaine, weighing a total of 995 kilograms, into custody. From the post-Miranda[1] statements of several crew members, the Coast Guard determined that an individual named "Neron" met and hired the crew members in Buenaventura, Colombia, and that Hernandez-Perea was the go-fast boat's captain.

## I.

We review for clear error a district court's denial of a minor-role reduction. United States v. De Varon, 175 F.3d 930, 937-38 (11th Cir. 1999) (en banc). We cannot find clear error unless we are "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005)(quotation marks omitted).

Section 3B1.2(b) of the United States Sentencing Guidelines provides for a two-level reduction in a defendant's base offense level if the court determines that he was a minor participant in the offense. U.S.S.G. § 3B1.2(b). A minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.3); see also De Varon, 175 F.3d at 944. The defendant bears the burden of proving by a preponderance of the evidence that he is entitled

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

to a minor-role adjustment. De Varon, 175 F.3d at 939. Moreover, a conspiracy can exist in which no participant plays a minor-role. See United States v. Zaccardi, 924 F.2d 201, 203 (11th Cir. 1991).

In determining whether a defendant played a minor role in the offense for which he has been held accountable, the district court first "must measure the defendant's role against the relevant conduct attributed to [him] in calculating [his] base offense level." De Varon, 175 F.3d at 943-44. Second, the district court "may also measure the defendant's role against the other participants . . . in the relevant conduct." Id. at 945. "[T]he district court may consider only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. at 944.

With respect to the first prong of the De Varon test, Benitez-Aprilla failed to show that he played a minor role in the relevant conduct for which he was held accountable at sentencing. Benitez-Aprilla's base level offense was founded on the transport of 995 kilograms of cocaine. Benitez-Aprilla made no objection to the 995 kilograms of cocaine that he possessed on the vessel nor to his participation in the cocaine's transport. Indeed, the large amount of cocaine is dispositive. See De Varon, 175 F.3d at 943 ("[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . .[W]e do

4

not foreclose the possibility that [the] amount of drugs may be dispositive . . . .").

With respect to the second prong of the De Varon test, the evidence is insufficient to show that Benitez-Aprilla was a minor participant in comparison to other defendants, aside from the boat's captain. Benitez-Aprilla failed to produce any evidence to distinguish himself from his codefendants in the relevant conduct or to establish a wider conspiracy. Furthermore, the record does not contain any additional information that would indicate the existence of a wider conspiracy or differentiate Benitez-Aprilla from the other crew members of the go-fast boat. Benitez-Aprilla failed to prove by a preponderance of the evidence that he is entitled to a minor-role reduction. For all these reasons, the district court did not clearly err by denying Benitez-Aprilla a minor-role reduction.

## II.

We have held that, after the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing court must not only correctly calculate the guideline imprisonment range, but must treat that range as advisory and impose a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006); Gall v. United States, No. 06-

5

7949, slip op. at 12 (U.S. Dec. 10, 2007). The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, No. 06-7949, slip op. at 12. The Court also has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Id. It has suggested that review for substantive reasonableness under this standard involves inquiring whether the factors in 18 U.S.C. § 3553(a) support the sentence in question. Id. at 17.

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the guideline

imprisonment range, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1), (4), and (6).

Here, the district court imposed a procedurally reasonable sentence. See Hunt, 459 F.3d at 1182 n.3; Gall, No. 06-7949, slip op. at 12. The district court correctly calculated the guideline imprisonment range, as discussed above. See Gall, No. 06-7949, slip op. at 12. Benitez-Aprilla, who is counseled on appeal, does not argue that the district court failed to consider the statutory factors. Nor does he argue that the district court imposed a substantively unreasonable sentence. Therefore, he has abandoned those arguments. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding in a counseled case that a defendant abandons an issue when he fails to offer an argument on it on appeal).

In light of the foregoing, Benitez-Aprilla's sentence is

**AFFIRMED.**