[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14842
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00223-WSD-ECS-3

UNITED STATES OF AMERICA,

                                                            Plaintiff - Appellee,

versus

FILIBERTO ALANIS-SOTO,

                                                            Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 22, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Filiberto Alanis-Soto appeals his 117-month sentence—imposed below the recommended United States Sentencing Guidelines ("U.S.S.G.") range—after pleading guilty to one count of conspiracy to possess with intent to distribute controlled substances, including at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine and at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(A)(viii). On appeal, he makes two arguments: (1) the district court committed clear error by denying his request for a minor-role reduction under U.S.S.G. § 3B1.2(b); and (2) the district court imposed a substantively unreasonable sentence by failing to give adequate weight to the 18 U.S.C. § 3553(a)(6) disparity factor. We disagree and affirm.

## I.

We review a district court's determination of a defendant's qualification for a role reduction for clear error. *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006) (per curiam). "Both the guidelines and the relevant statutory language . . . explicitly recognize that a district court's determination of a defendant's role in the offense is essentially factual and that such findings must be afforded deference." *United States v. Rodriguez De Varon*, 175 F.3d 930, 938 (11th Cir. 1999) (en banc). "[T]he proponent of the downward adjustment bears

2

the burden at all times of establishing [his] role in the offense by a preponderance of the evidence." *Id.* at 934. U.S.S.G. § 3B1.2(b) provides for a two-level reduction in a defendant's base offense level if the court determines that he was a minor participant in the offense. A minor participant is any participant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id*. cmt. nn.3 & 5.

The process for determining whether a defendant is entitled to a minor-role reduction is well settled. *De Varon*, 175 F.3d at 934. First, the district court must measure the defendant's role against the relevant conduct for which he is being held accountable. *Id.* at 945. This inquiry will often be dispositive. *Id.* If the defendant's actual conduct is identical to the relevant conduct considered for sentencing purposes, the defendant cannot prove that an adjustment is appropriate "simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *Id.* at 941. The second prong of the minor-role reduction analysis permits a district court to compare the defendant to the other participants in the conspiracy to the extent that the others (1) are identifiable or discernable from the evidence; and (2) were involved in the relevant conduct attributed to the defendant. *Id.* at 944.

We have said that, "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id.* at 942–43. We have set forth a non-exhaustive list of factors for the district court to consider in determining whether a drug courier should receive a minor-role reduction, including: (1) the amount of drugs; (2) their fair market value; (3) the amount of money to be paid to the courier; (4) any equity interest the courier might have in the drugs; (5) the courier's role in planning the criminal scheme; and (6) the courier's role in distribution. *Id.* at 945. Under some circumstances, the amount of drugs may be dispositive to precluding a defendant from a minor-role reduction. *Id.* at 943. "It is entirely possible for conspiracies to exist in which there are no minor participants . . . ." *United States v. Zaccardi*, 924 F.2d 201, 203 (11th Cir. 1991).

The district court did not clearly err in determining that Alanis-Soto was not entitled to a minor-role reduction under U.S.S.G § 3B1.2(b). Alanis-Soto was held accountable for only the drugs with which he was caught and agreed to transport—approximately 12 kilograms of cocaine and 1.3 kilograms of methamphetamine. Moreover, he was essential to the success of the drug-trafficking scheme. The district court did not err when it determined that Alanis-

4

Soto's role in the conspiracy was "central, it was at least average, . . . maybe average plus." Alanis-Soto drove a vehicle from Atlanta to Mexico and waited while that vehicle was outfitted with drugs; he picked up an elderly woman and a child in Texas and used them as cover; he was in the process of transporting the drug-laced vehicle to Atlanta when he was arrested in Mississippi. Alanis-Soto's role in the conspiracy was likely greater than all but a few parties. Additionally, Alanis-Soto showed both that he had more than limited knowledge of the conspiracy and that he expected to receive significant compensation for his participation: $20,000 in the form of a vehicle and $500 for gas. The district court did not err when it determined that Alanis-Soto was as culpable as *most other participants* in his relevant conduct, and thus it correctly denied his request for a minor-role reduction.

## II.

We review the reasonableness of a sentence, "[r]egardless of whether the sentence imposed is inside or outside of the Guidelines range," under the deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). This Court reverses only if "'left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies

outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc), *cert. denied*, 131 S. Ct. 1813 (2011) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

We must evaluate a sentence's substantive reasonableness in light of the totality of the circumstances and the § 3553(a) factors. *Id.* "'The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.'" *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curium) (quoting *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007)). "A sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The burden of establishing that a sentence is unreasonable lies with the party challenging the sentence. *Pugh*, 515 F.3d at 1189.

The district court did not abuse its discretion by sentencing Alanis-Soto to a 117-month sentence that varied downward from the recommended Guidelines

sentence of 135–168 months. The district court weighed all factors under § 3553(a), took into account Alanis-Soto's medical condition, considered what would deter and be a just punishment, and determined what was fair with respect to the others who have been sentenced when it determined the length of Alanis-Soto's sentence.

Specifically, Alanis-Soto argues that the district court did not give adequate weight to the § 3553(a)(6) disparity factor. We reject this argument. Section 3553(a)(6) requires a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with *similar records* who have been found guilty of *similar conduct*." (emphasis added). Furthermore, we have stated that "[d]isparity between sentences imposed on co-defendants is generally not an appropriate basis for relief on appeal." *United States v. Reguiero*, 240 F.3d 1321, 1325–26 (11th Cir. 2008) (per curium). The district court did not abuse its discretion when it determined that co-conspirators Juan Aleman[1] and Mario Hernandez-Loesa[2] were not similarly situated to Alanis-Soto. Aleman and

---

[1] Aleman pleaded guilty to a money laundering offense and received a 57-month sentence within the recommended Guidelines range.

[2] Hernandez-Loesa pleaded guilty to being an illegal alien in known possession of a firearm and received a 14.5-month sentence within the recommended Guidelines range.

Hernandez-Loesa pleaded guilty to other charges and had their drug-trafficking charges dismissed for lack of evidence.

Careful review of the record indicates that the district court properly considered all of the § 3553(a) factors and did not impose a substantively unreasonable sentence.

III.

For the foregoing reasons, we affirm Alanis-Soto's sentence.

**AFFIRMED.**