[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14252
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20070-PAS-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAITE HERNANDEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 14, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Maite Hernandez appeals her 51-month sentence after pleading guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(4), possession of device-making equipment, in violation of 18 U.S.C. §§ 2 and 1029(a)(4), and two counts of aggravated identity theft, in violation of 18 U.S.C. §§ 2 and 1028A(a)(1).  Hernandez was involved in a conspiracy with her live-in boyfriend and her brother to skim credit card numbers and transfer them to fraudulent credit cards.  She admitted to knowing about everything in the conspiracy and to benefiting from some of the fraudulent purchases.  She was held accountable for the entire loss amount of more than $160,000 and for all 180 victims.  On appeal, she asserts that the district court committed clear error in denying her request for a minor-role reduction, as her actual role, when measured against the relevant conduct attributed to her, was minor.  She argues that she was held accountable for the conduct of her co-conspirators when her role did not encompass their conduct and that her participation was not essential to the success of the conspiracy.  After a thorough review of the record, we affirm.

A district court's determination of the defendant's role in the offense is reviewed for clear error.  *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  When the district court's decision is supported by the record and is not a misapplication of the Guidelines, we rarely conclude that the determination was clearly erroneous.  *Id.* at 945.  We find clear error only if "we are left with a

2

definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (internal quotation marks omitted).

If the defendant was a "minor participant" in any criminal activity, her offense level is reduced by two levels. U.S.S.G. § 3B1.2(b). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* § 3B1.2, comment. (n.5).

In determining whether a mitigating-role adjustment applies, the district court should consider two principles: "first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." *De Varon*, 175 F.3d at 940. As to the first prong of this analysis, the court must assess the defendant's role in relation to all of the relevant conduct that was attributed to her under U.S.S.G. § 1B1.3. *Id.* at 940-41. "Only if the defendant can establish that she played a relatively minor role in the conduct for which she has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944.

As to the second prong of the analysis, the court should compare the defendant to the other participants only to the extent that the others (1) "are

3

identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." *Id.*  The defendant must show that she "was less culpable than *most other participants* in her relevant conduct" in order to receive a minor-role reduction.  *Id.*  However, "a defendant is not automatically entitled to a minor role adjustment merely because she was somewhat less culpable than the other discernable participants." *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320-21 (11th Cir. 2010) (citing *De Varon*, 175 F.3d at 939); *see also United States v. Zaccardi*, 924 F.2d 201, 203 (11th Cir. 1991) ("It is entirely possible for conspiracies to exist in which there are no minor participants . . . .").

The district court did not clearly error in denying Hernandez's request for a minor-role adjustment.  Although Hernandez asserts that she was less culpable than the other members of the conspiracy, that fact alone does not entitle her to a minor-role adjustment.  *See Bernal-Benitez*, 594 F.3d at 1320-21; *Zaccardi*, 924 F.2d at 203.  Furthermore, evidence before the district court indicated that Hernandez was not only aware of the scope of the fraudulent activity, but she also participated with the co-conspirators by checking on the status of the scheme, scheduled and attended meetings to exchange the skimming devices, and possessed a laptop computer that had the skimming device attached to it.  Hernandez also accompanied a co-conspirator to make purchases and personally benefited from

4

some of these purchases.  Finally, as the district court found, Hernandez was a willing participant in the conspiracy over an extended period of time.

In light of the deference we owe to the district court, we cannot conclude that the district court clearly erred in determining that Hernandez was not eligible for the minor-role reduction.  *See Crawford*, 407 F.3d at 1177.

**AFFIRMED.**