[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10874
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20996-UU-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NIDAL BADAWI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 21, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Nidal Badawi appeals his 29-month sentence, imposed after he pleaded guilty to conspiracy to commit food stamp fraud, 18 U.S.C. § 371. He says the district court clearly erred when it denied him a minor-role reduction, United States Sentencing Guidelines § 3B1.2(b). We affirm.

Whether a defendant qualifies for a minor-role reduction is a finding of fact that we review for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of establishing a minor role by a preponderance of the evidence. Id. at 934.

A participant with a minor role is one who is "less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2(b), cmt. n.5. District courts must measure a defendant's role in relation to the "relevant conduct" attributed to him—that is, "the conduct for which []he has been held accountable under USSG § 1B1.3." De Varon, 175 F.3d at 934 (citation reformatted).

District courts may also measure a defendant's role by comparing his conduct to that of other participants in the same criminal scheme. But "a defendant is not automatically entitled to a minor role adjustment merely because []he was somewhat less culpable than the other discernable participants. Rather, the district court must determine that the defendant was less culpable than most other

2

participants in [his] relevant conduct." De Varon, 175 F.3d at 944 (emphasis omitted).

Badawi first argues he played a minor role because out of the scheme's overall losses of about $2.2 million only 8% were attributable to him.[1]  But the government explained at sentencing that it was able to track only about $1 million in losses, and Badawi was responsible for cashing nearly $200,000 of that figure. Considering Badawi was responsible for approximately 20% of the identifiable losses, the district court did not clearly err in denying the reduction.  See id. ("Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense.").

Badawi also argues that he was entitled to the minor-role reduction because he was less culpable than four of his six codefendants.  But at sentencing the government indicated that Badawi was the "highest grossing cashier" involved in the scheme.  And his involvement spanned the entirety of the two-year conspiracy. Even if Badawi was one of the least culpable conspirators, it was within the district court's discretion to deny the minor-role reduction.  See United States v. Zaccardi,

---

[1] To the extent that Badawi argues the district court erred by attributing to him the entire amount of the scheme's losses, his argument fails.  See United States v. Dabbs, 134 F.3d 1071, 1082 (11th Cir. 1998) ("[T]he district court may hold all participants in a conspiracy responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy.").

924 F.2d 201, 203 (11th Cir. 1991) (per curiam) ("Although the [presentence investigation report] indicated that [the defendant] was one of the 'least culpable' defendants, the district court was not obliged on that basis to determine that appellant was a 'minor' participant for the purposes of § 3B1.2 of the sentencing guidelines.").

In sum, based on the facts presented in the PSR and at sentencing the district court explicitly characterized Badawi's participation in the conspiracy as "extensive" rather than "isolated"—"so much involvement" that it was not proper to award a minor-role reduction.  We cannot say that determination was clearly erroneous.

**AFFIRMED**.